# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-691V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*

| | |
|---|---|
| AMERICO E GAMBO, *  as Personal Representative of the Estate of *  FRANCES CHAMBERS GAMBO, *  *deceased*, * *  * Petitioner, * *  v. * *  SECRETARY OF HEALTH AND *  HUMAN SERVICES, * *  * Respondent. * | Filed: March 17, 2015  Decision by Stipulation; Damages; Influenza ("Flu") Vaccine; Guillain-Barrè Syndrome ("GBS") |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Danielle Strait*, Maglio Christopher and Toale, PA, Washington, DC, for Petitioner.

*Lisa Watts*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On September 17, 2013, Americo E. Gambo filed a petition, as personal representative of the estate of Frances Chambers Gambo, deceased, seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that as a result of receiving the influenza ("flu") vaccine in October of 2010, Frances Gambo developed Guillain-Barrè syndrome ("GBS") or another demyelinating condition. Petitioner further contends that Ms. Gambo's GBS

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 to 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

(or other demyelinating condition) was a substantial factor in the cause of her death on December 4, 2011. Although Petitioner was unable to locate documentary proof of vaccination, I found (in a ruling dated December 18, 2014) that Petitioner established adequate proof of vaccination based on circumstantial evidence. Fact Ruling on Proof of Vaccination (ECF No. 41).

Respondent denies that the flu vaccine caused Ms. Gambo's GBS, or any other injury, or was a substantial factor in the cause of her death. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed March 12, 2015) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $175,000.00 in the form of a check payable to Petitioner as personal representative of the estate of Frances Chambers Gambo.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| AMERICO E. GAMBO, as Personal Representative of the Estate of FRANCES CHAMBERS GAMBO,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | **ECF**<br><br><br><br><br><br>No. 13-691V<br>Special Master<br>Brian H. Corcoran |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Americo E. Gambo ("petitioner"), as personal representative of the estate of Frances Chambers Gambo ("Mrs. Gambo"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly related to Mrs. Gambo's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mrs. Gambo received the flu vaccine on an unspecified date in October 2010.[1]

3. The vaccine was administered within the United States.

4. Petitioner alleges that Mrs. Gambo suffered from Guillain-Barré syndrome ("GBS") or other demyelinating condition, which was caused-in-fact by the flu vaccine. Petitioner further

---

[1] See Fact Ruling on Proof of Vaccination, Gambo v. HHS, No. 13-691V, slip. op. (Fed. Cl. Spec. Mstr. Dec. 18, 2014).

1

contends that Mrs. Gambo's GBS, or other demyelinating condition, was a substantial factor in the cause of her death on December 4, 2011.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mrs. Gambo's estate as a result of Mrs. Gambo's alleged vaccine-related injury and/or death.

6. Respondent denies that the flu vaccine caused Mrs. Gambo's GBS, or any other injury, or was a substantial factor in the cause of her death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $175,000.00 in the form of a check payable to petitioner as personal representative of the estate of Frances Chambers Gambo. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable

under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.§ 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he is duly authorized to serve as the personal representative of the estate of Frances Chambers Gambo under the laws of the State of Maryland. If petitioner is not authorized by a court of competent jurisdiction to serve as the personal representative of Mrs. Gambo's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as the personal representative of the estate of Frances Chambers Gambo upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and as the personal representative of the estate of Frances Chambers Gambo, on his own behalf and on behalf of Mrs. Gambo's heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or

death of Mrs. Gambo resulting from, or alleged to have resulted from, the flu vaccine administered on an unspecified date in October 2010, as alleged by petitioner in a petition and an amended petition for vaccine compensation, filed on September 17, 2013, and January 29, 2014, respectively, in the United States Court of Federal Claims as petition No. 13-691V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mrs. Gambo's GBS, or any other injury, or substantially contributed to her death.

17. All rights and obligations of petitioner in his capacity as personal representative of the estate of Frances Chambers Gambo shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/

Respectfully submitted,

PETITIONER:

*[signature]*
AMERICO E. GAMBO

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*
DANIELLE A. STRAIT, ESQUIRE
MAGLIO CHRISTOPHER & TOALE
1775 Pennsylvania Ave., NW, Ste. 225
Washington, DC 20006
Tel: (888) 952-5242

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature] for*
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

DATE: 3/12/2015

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*
LISA A. WATTS
Senior Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4099